The Court,

Gilpin, Ch. J.,

charged the jury: That to sustain the plea it must appear that the father was first assailed by the plaintiff, and was resisting his attack, when the son interfered to defend him. For if the father was the aggressor and committed the first assault, and was consequently a trespasser from the beginning of the combat, and was not himself justifiable in the assault and battery committed by him upon the plaintiff, then the plea of the son could not avail him, for he became a co-trespasser with his father, and was liable with him in the action. But if the father was not the aggressor, and a trespasser himself from the beginning of the fight, and was only repelling the attack of the plaintiff in his own defence, when the son interposed, as he might lawfully do in such a case in defence of his parent, then he would not be liable; provided he used only such force as the danger to which his father was exposed at the time rendered necessary for his defence and security. If, however, he exceeded that degree of force, even under such circumstances, he would still be liable.
Verdict for the plaintiff.